IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Karen Woodward, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| GC Services, L.P.; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, the Plaintiff, Karen Woodward, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Karen Woodward ("Plaintiff"), is an adult individual residing in Myrtle Beach, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GC Engages in Harassment and Abusive Tactics

12. Beginning in or around December 2012, Defendants started contacting Plaintiff in an attempt to collect the Debt by placing two calls daily to Plaintiff's cellular phone.

13. The Debt does not belong to Plaintiff.

14. During conversations, Defendants stated it was looking for a person by the name of Susan Keller.

2

15. On several occasions, Plaintiff explained to Defendants that she was not who they were looking for and requested that Defendants cease all calls to Plaintiff regarding the Debt.

16. In response, Defendants rudely and repeatedly told Plaintiff she was a liar.

17. Additionally, Plaintiff informed Defendants she had retained legal representation and provided her attorney's contact information.

18. Despite this, Defendants have proceeded to place additional calls to Plaintiff in its collection efforts.

19. Furthermore, Defendants continued to hound Plaintiff with telephone calls in its attempt to collect the Debt despite their knowledge that the Debt does not belong to Plaintiff, that she has no responsibility to satisfy the Debt, and that she has no intention of satisfying the Debt.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## WRONGFUL INTRUSION INTO PRIVATE AFFAIRS

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated South Carolina state law.

32. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

33. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

34. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

36. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 3, 2013

Respectfully submitted,

By _____

Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

<u>Of Counsel To</u>
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237